USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIMO REYES,

               Petitioner,

v.

UNITED STATES,

               Defendant.

02 Civ. 1665 (LBS)

**MEMORANDUM & ORDER**

SAND, J.

    In a motion dated September 11, 2012, *pro se* petitioner Maximo Reyes moved for reconsideration under Rule 60(b) of the Federal Rules of Consideration of our May 9, 2002, Order denying Reyes's motion for permission to file a 28 U.S.C. § 2255 motion beyond the one-year statutory limitations period established in § 2255(f). We denied Reyes' motion in the attached Order on October 18, 2012. *See* Order, Oct. 18, 2012, ECF No. 4.

    On April 11, 2013, we received a motion to reopen time to file a notice of appeal from Reyes. *See* Mot., Apr. 11, 2013, ECF No. 5. The motion was dated April 1. *Id.* Reyes explained that he had not received notice of our order until March 27, 2013, and argued that he met all the requirements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *Id.* Reyes is correct. *See, e.g., Garcia v. United States*, No. 03 Civ. 4953, 2007 WL 1541388 (E.D.N.Y. May 25, 2007). We failed to order the Clerk of Court to mail the October 18, 2012, Order to Reyes. We apologize for the error.

    Reyes' motion for an extension of time is therefore **GRANTED**. Reyes has thirty (30) days from the date of this Order to file his Notice of Appeal. However, we want to let Reyes know such an appeal is likely to be futile. Under 28 U.S.C. § 2253(c)(1)(B), the court of appeals may not take an appeal from a final order in a § 2255 habeas case unless a certificate of appealability is granted. A court may only grant a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). The same certificate of appealability analysis is true for an appeal of a motion for reconsideration in a § 2255 habeas case. *See Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006) (citing and quoting *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (per curiam), for

the proposition that appeals taken from Rule 60(b) motions seeking relief from a judgment on a habeas petition require a certificate of appealability); *see also, e.g., Ozsusamlar v. United States*, Nos. 10 Civ. 3455 & 05 Crim. 1077, 2013 WL 395118, at *2 (S.D.N.Y. Feb. 1, 2013) (denying a certificate of appealability on a motion for reconsideration); *Celestino v. United States*, No. 11 Civ. 4651, 2012 WL 4794591, at *1 (S.D.N.Y. Oct. 4, 2012) (same); *cf. also Deandrade v. United States*, Nos. 07 Crim. 12 & 11 Civ. 3233, 2012 WL 6603663, at *3 (S.D.N.Y. Dec. 18, 2012) (denying a certificate of appealability after granting the motion for reconsideration but denying the petitioner's underlying motion).

In our October 18, 2013, Order, we did not grant a certificate of appealability nor did we explicitly deny granting a certificate of appealability. However, we did certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from that order would not be taken in good faith. "[T]he standard governing the issuance of a certificate of appealability is [more demanding than] the standard for determining whether an appeal is in good faith." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Because Reyes' motion for reconsideration does not make a substantial showing of a constitutional right, we **DENY** granting a certificate of appealability. *See* 28 U.S.C. § 2253.

In conclusion, following this motion Reyes has thirty days to make a *timely* appeal, but any appeal will likely be summarily dismissed for want of a certificate. The Clerk of Court is ordered to mail this Order and the attached October 18, 2012, Order to Petitioner.

SO ORDERED.

Dated: April 6, 2013
New York, NY

_____
U.S.D.J.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIMO REYES,

    Petitioner,

  v.

UNITED STATES,

    Defendant.

02 Civ. 1665 (LBS)

**MEMORANDUM & ORDER**

SAND, J.

  In a motion dated September 11, 2012, *pro se* petitioner Maximo Reyes moved for reconsideration of our May 9, 2002, order denying Reyes's motion for permission to file a 28 U.S.C. § 2255 motion beyond the one-year statutory limitations period established in § 2255(f). *See Reyes v. United States*, Nos. 02 Civ. 1665 and 91 Crim. 358, 2002 WL 975673 (S.D.N.Y. May 9, 2002) (denying Reyes' petition for a writ of mandamus and motion for permission to file a 28 U.S.C. § 2255 motion). We deny Reyes' motion.

  Motions for reconsideration are governed by Rule 60 of the Federal Rules of Civil Procedure. Because Reyes alleges the error was more than clerical mistake, his motion is under Rule 60(b). Rule 60(c) requires that any "motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c).

  Reyes makes two arguments. First, Reyes argues under *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006), that his attorney's abandonment caused him to lose his right to appeal directly. This argument is untimely. Next, relying on *Maples v. Thomas*, 132 S. Ct. 912 (2012), and *Holland v. Florida*, 130 S. Ct. 2549 (2010), Reyes argues that his attorney abandoned him, which resulted in the loss of his right to make a § 2255 motion. This argument is irrelevant.

  First, even assuming *Campusano* was a retroactive change in law that would support a reconsideration motion in 2006 and that therefore we should measure a "reasonable time" from 2006, Reyes' argument in untimely.

  Next, whether or not *Maples* and *Holland* constitute a retroactive change in law that would support a reconsideration motion is irrelevant because we did not dismiss Reyes's § 2255 claim as untimely. The tardiness of his § 2255 motion did not affect our analysis. Instead, as

1

Reyes acknowledges in his motion for reconsideration, we denied Reyes' motion for permission to file a 28 U.S.C. § 2255 motion "because it presents basically the same issues" as Reyes' petition for a writ of mandamus, which was denied in the same order. *Reyes*, 2002 WL 975673, at *4; *see also* Mot. Relief, ECF No. 2, at 5 (quoting our order denying permission to move under § 2255 as it would have been duplicative). Having reviewed his petition for writ of mandamus and his motion for permission to file his § 2255 motion, we maintain that they are substantially the same.[1] Therefore, whether he was abandoned by his attorney and whether the attorney's abandonment prevented him from filing his § 2255 in a timely fashion is irrelevant to our decision.

The motion for reconsideration is **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

SO ORDERED.

Dated: October 18, 2012
New York, NY

_____
Leonard B. Sand
U.S.D.J.

---

[1] In both filings, Reyes asserted entirely different reasons for not appealing—that his lawyer told him not to and that he expected the government to reduce his sentence. *See* Verified Pet. Writ Mandamus at 14, *United States v. Reyes*, No. 91 Crim. 358 (S.D.N.Y. Nov. 13, 2001), ECF No. 244 ("He has been extremely 'prejudiced' by the conduct of his attorney . . . because she persuaded him not to file a [§ 2255] motion . . . ."); Def.'s Mot. Permission File § 2255 Mot. at 14, *Reyes v. United States*, No. 02 Civ. 1665, (S.D.N.Y. Mar. 4, 2002), ECF No. 1 ("Petitioner has been extemely [sic] 'prejudiced' by the conduct of his attorney . . . because her having persuaded him *not* to file a § 2255 motion has caused him to miss the filing requirements . . . ."); *id.* at 18 (blaming "certain Government impediments" including its alleged "misrepresentation that it would be filing a Rule 35 sentence reduction motion" for his untimely § 2255 motion).

2